Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff Felicia Vasquez

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felicia Vasquez,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>River Park Professionals, LLC,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Felicia Vasquez ("Plaintiff") alleges the following:

## INTRODUCTION

1.　Plaintiff brings this action against River Park Professionals, LLC ("Defendant"), for unlawfully discriminating against Plaintiff because of her disability at the property with the commonly known address 1495 River Park Drive in Sacramento, California.

2.　Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes.

## PARTIES

3.　Plaintiff Felicia Vasquez is a natural person and an adult resident of Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4.　Defendant is a California limited liability company with its principal address in Sacramento County. Defendant owned, and currently owns, the real property with the commonly known address 1495 River Park Drive, Sacramento, California ("Property") at which there is a business

named Pacific Skin Institute ("Pacific Skin Institute").

## JURISDICTION

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff suffers from paralysis. Plaintiff requires a wheelchair to facilitate her mobility. Plaintiff's symptoms limit, some substantially, her major life activities. Plaintiff has, and at all relevant times, displayed a disabled person parking placard issued by the California Department of Motor Vehicles.

9. On January 31, 2023, Plaintiff arrived at Defendant's Property to visit Pacific Skin Institute.

10. Plaintiff was there for a pre-scheduled medical evaluation.

11. Unfortunately, upon arriving at the property, Plaintiff noticed that the accessible parking space was deteriorated and in very bad condition.

12. For instance, the access aisle seemed to have excessive slopes, that are believed to be greater than 2%; the access aisle is not outlined with blue striping; the NO PARKING lettering is not provided or just faded into oblivion; and the parking space itself is missing the international symbol of accessibility.

13. It is important for disabled-access aisles are not too sloped because excessive slopes can make it difficult for disabled persons to enter and exit their vehicles.

14. It is also important that there be adequately painted blue striping, no parking lettering,

and symbols of accessibility that all clearly mark the disabled-access parking to prevent others who are not disabled from blocking or using the space and make it easier for disabled persons to identify the parking that should be easier for them to access the businesses the parking serves.

15. What's worse, the path of travel from the accessible parking space to the front entrance of the building has large gaps. These are believed to be greater than a half of an inch and the path is excessively sloped.

16. Large cracks in the surface of a path of travel can make it difficult for people using mobility devices such as wheelchairs, walkers, or canes to navigate the area safely. These cracks can cause the wheels of a wheelchair to become stuck or unstable, which can be dangerous for the user. Similarly, people using canes or walkers may trip or stumble on uneven surfaces, which could lead to falls and injuries.

17. Excessive slopes on a path of travel can also create barriers for people with disabilities. A slope that is too steep can be difficult for people using mobility devices to navigate safely, and may require them to exert more effort to move up or down the slope. This can be particularly challenging for individuals with limited upper body strength or mobility impairments. In addition, slopes that are too steep can be difficult for people with balance issues to navigate, which can increase the risk of falls and injuries. Such people may even require additional assistance and may be prevented from accessing business by themselves, making them unnecessarily dependent on others.

18. Pacific Skin Institute and the Property are open to the public, intended for non-residential use, and its operation affects commerce.

19. Pacific Skin Institute and the Property are public accommodations and business establishments.

20. Pacific Skin is a professional office of a health care provider or other service establishment and the Property is a commercial property.

21. The Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

22. Because of barriers at the Property, Plaintiff's access to the facilities and goods at the Property and Pacific Skin Institute was hampered, causing her difficulty, discomfort, and

embarrassment. The accessible parking spaces and path of travel were difficult for Plaintiff to navigate.

23. Plaintiff's lives not far from Pacific Skin Institute.

24. Plaintiff is scheduled to return to the Pacific Skin Institute in about one year for a follow-up appointment.

25. Plaintiff would like to return and avail herself of the Pacific Skin Institute when Defendant remediates the parking to remove the barriers identified above.

26. Plaintiff has suffered and continues to suffer violations of her civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

27. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

28. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendant's Property and the Pacific Skin Institute.

Failure to Remove Architectural Barriers at an Existing Property

29. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

30. For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

Failure to Design and Construct an Accessible Property

31. The improvements on the Property and where the Pacific Skin Institute is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

32. Defendant violated the ADA by failing to design and construct the facilities on the Property and at the Pacific Skin Institute in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

33. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

34. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

35. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

### Failure to Maintain Accessible Features

36. Defendant violated the ADA by failing to maintain in operable and working condition those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

37. Defendant's failure in maintaining the Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

38. The configuration and condition of Defendant's Property denied Plaintiff a public accommodation due to Plaintiff's disability.

39. It is readily achievable for Defendant to remove the architectural barriers.

40. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Property.

41. Defendant's violations are the cause of suffering for Plaintiff.

42. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

//

**SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

43. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

44. As described above, Defendant intentionally discriminated against Plaintiff during her visit to the Property.

45. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

46. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

47. Plaintiff was harmed.

48. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

49. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

50. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

51. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 7, 2023                              Law Office of Rick Morin, PC

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff